UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| R. SCOTT GONFRADE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 25-10096-BEM |
| TRANSAMERICA LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant, | ) ) | |
| v. | ) ) | |
| JACQUELINE O. DELCOURT, | ) ) ) | |
| Third-Party Defendant. | ) ) | |

MEMORANDUM AND ORDER ON
PARTIES' DISCOVERY MOTIONS

**MURPHY, J.**

Plaintiff R. Scott Gonfrade, as executor of the estate of Charles Henry Delcourt, brings this action against Transamerica Life Insurance Company ("Transamerica"), alleging that Transamerica erroneously paid $300,000 in life insurance proceeds to Third-Party Defendant Julie Delcourt, funds that he alleges should have instead been paid to Mr. Gonfrade as executor. Before the Court now are various discovery motions related to the Rule 30(b)(6) notice of deposition propounded by Mr. Gonfrade. For the reasons stated below, the Court GRANTS Transamerica's motion for a protective order and DENIES Mr. Gonfrade's motion to compel and motion for attorney fees.

I.    **Background**

Mr. Delcourt procured life insurance benefits through Transamerica. Dkt 1-1 ¶¶ 5, 7. The policy provided that 75% of the death benefits would go to his wife, Susan Delcourt, and 25% of the death benefits would go to his daughter, Jacqueline Delcourt. *Id.* ¶ 6. Susan Delcourt died on or around June 9, 2020. *Id.* ¶ 16. Following Mr. Delcourt's death on or around July 21, 2021, Transamerica paid out the $400,000 life insurance benefit in full to Jacqueline Delcourt. *Id.* ¶¶ 9, 11–12, 19. Mr. Gonfrade and Mr. Delcourt's estate allege that they sought a copy of the policy from Transamerica prior to Transamerica's paying out any of the benefits to Jacqueline Delcourt, *id.* ¶¶ 12–13, but did not receive a copy until April 24, 2024, *id.* ¶ 14. Mr. Gonfrade alleges that $300,000 of the benefits should have been paid to Mr. Delcourt's estate, rather than to Jacqueline Delcourt. *Id.* ¶¶ 17–20.

On December 30, 2024, in Middlesex Superior Court, *id.* at 26, Mr. Gonfrade filed this case against Transamerica for breach of contract, negligence, breach of good faith and fair dealing, and for unfair business conduct under Massachusetts law, *id.* ¶¶ 24–37. Transamerica removed the case to this Court on January 14, 2025. Dkt. 1. On January 28, 2025, Transamerica filed its answer, along with various counterclaims—seeking a declaratory judgment that Mr. Delcourt's estate has no claim to the death benefits and that Transamerica properly paid out the death benefit—and a third-party complaint against Julie Delcourt, as guardian of Jacqueline Delcourt[1]—seeking either a declaratory judgment that Mr. Delcourt's estate has no claim to the benefits and that Transamerica properly paid out the death benefits, or, if the Court determines that any of the benefits paid to Jacqueline Delcourt should have been paid to Mr. Delcourt's estate,

---

[1] At the time, Transamerica believed that Jacqueline Delcourt was a minor and thus referred to her as "J.D." Dkt. 7.

2

recoupment or damages through unjust enrichment for the money paid to Jacqueline Delcourt. Dkt. 7. On April 8, 2025, the Court granted Transamerica leave to amend, which included substituting Jacqueline Delcourt in place of Julie Delcourt as the defendant in the third-party complaint. Dkts. 33, 34.

On April 22, 2025, Mr. Gonfrade served on Transamerica a Rule 30(b)(6) deposition notice. Dkt. 36-1 at 3–4. After conferring with Mr. Gonfrade, on May 5, 2025, Transamerica filed a motion for a protective order, seeking to strike the Rule 30(b)(6) notice of deposition propounded by Mr. Gonfrade. Dkt. 36. The same day, Mr. Gonfrade filed a motion to compel the Rule 30(b)(6) deposition, Dkt. 37, and a motion for attorney fees, Dkt. 38.

## II.   Standard of Review

During discovery, parties may take the deposition of an organization. Fed. R. Civ. P. 30(b)(6). To do so, the party noticing the deposition of an organization is required to provide a deposition notice that "describe[s] with reasonable particularity the matters for examination." *Id.* The deponent organization must designate a person or persons who will testify on its behalf and "it may set out the matters on which each person designated will testify." *Id.* "The persons designated must testify about information known or reasonably available to the organization." *Id.*

The scope of this discovery is limited by Rule 26, which permits a court to limit "the frequency or extent of use of the discovery methods otherwise permitted" under the Federal Rules of Civil Procedure where appropriate. Fed. R. Civ. P. 26(b)(2)(C). A court may enter a protective order on matters relating to a deposition for good cause to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Additionally, Rule 37 requires a court to award expenses incurred in making a successful motion to compel or after granting a protective order, unless (i) the moving party failed to resolve

the dispute in good faith without court action; (ii) the dispute arises from a "substantially justified" opposition; or (iii) such an award would be unjust. Fed. R. Civ. P. 37(a)(5).

### III. Sufficiency of the Rule 30(b)(6) Deposition Notice

Mr. Gonfrade's Rule 30(b)(6) deposition notice lists only one topic, which includes multiple subparts:

> All issues between the parties concerning a certain life insurance policy issued by Transamerica Life Insurance Company to Charles H. Delcourt, including, but not limited to, the application for life insurance submitted by Charles Henry Delcourt; the issuance of the life insurance policy; the payment of periodic insurance premiums on said life insurance policy; the designation of beneficiaries of the death benefit of said life insurance policy; correspondence including emails between Charles Henry Delcourt or any person acting on his behalf, or as Personal Representative of the Estate of Charles Henry Delcourt; the death of Charles Henry Delcourt; the decision of Transamerica Life Insurance Company to pay the policy death benefit; the process of determining to whom to pay the death benefit and reasons underlying that decision; claimants to the policy death benefit other than Jacqueline Delcourt; Transamerica Life Insurance Company receipt of and responses to Demand for Relief Pursuant to M.G.L. c. 176D and c. 93A; and other matters ancillary to the above-designated topics.

Dkt. 36-1 at 3–4. Transamerica argues that this notice is "overly broad and not at all described with reasonable particularity" such that Transamerica cannot meet its burden to "identify appropriate corporate witness(es) and prepare those witness(es) to respond on behalf of Transamerica." Dkt. 36 at 3. Mr. Gonfrade argues that the Rule 30(b)(6) deposition is necessary for him to meet his "burden of proof in this action to establish that defendant has breached the terms of the subject life insurance policy" and failed to comply with "clearly expressed intentions of the decedent insured" as to the payout of the policy's benefits. Dkt. 37 at 2.

There is no dispute as to the value or propriety of Mr. Gonfrade's taking a Rule 30(b)(6) deposition of Transamerica. *See* Dkt. 40 (objecting to the noticed topics, but not arguing against allowing a Rule 30(b)(6) deposition generally). But just because Mr. Gonfrade may take a Rule 30(b)(6) deposition does not provide carte blanche to inquire into any topic he desires. "If

the noticing party does not describe the topics with sufficient particularity or if the topics are overly broad, the responding party is subject to an impossible task." *Sec. & Exch. Comm'n v. Navellier & Assocs., Inc.*, 2019 WL 688164, at *1 (D. Mass. Feb. 19, 2019) (citing *Trs. of Bos. Univ. v. Everlight Elecs. Co.*, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014)). The first words of the deposition notice indicate that Mr. Gonfrade seeks to inquire into "[a]ll issues between the parties concerning a certain life insurance policy issued by Transamerica Life Insurance Company to Charles H. Delcourt." Dkt. 36-1 at 3–4. While the notice goes on to then list specific topics, the use of "[a]ll issues between the parties" is overly broad on its face and thus violates Rule 30(b)(6). Further, other courts in this district have held that the use of "the phrase 'including but not limited to' . . . fails to comply with the reasonable particularity requirement of Rule 30(b)(6)." *Trs. of Bos. Univ.*, 2014 WL 5786492, at *3 (citing *Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013), and *RM Dean Farms v. Helena Chem. Co.*, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012)). As such, the deposition notice does not comply with Rule 30(b)(6)'s requirements.[2]

## IV.  Attorney Fees

Mr. Gonfrade also moved for attorney fees under Rule 37 incurred in connection with his motion to compel. Dkt. 38. Having denied Mr. Gonfrade's motion to compel and granted Transamerica's motion for a protective order, Mr. Gonfrade is not entitled to attorney fees. *See* Fed. R. Civ. P. 37(a)(5) (making grant of motion to compel a prequisite for award of attorney fees).

---

[2] Nothing in this Order should be read to prevent Mr. Gonfrade from conducting a Rule 30(b)(6) deposition, so long as any future deposition notice adheres to Rule 30(b)(6)'s requirements.

## V.	Conclusion

For the foregoing reasons, Transamerica's motion for a protective order (Dkt. 36) is GRANTED, and Mr. Gonfrade's motion to compel (Dkt. 37) and motion for attorney fees (Dkt. 38) are both DENIED.

**So Ordered.**

Dated:  May 28, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court